**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

SEAN BEST,

                                Plaintiff,

     -against-

THE CITY OF NEW YORK et al.,

                                Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 5973 (GBD) (OTW)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Sean Best brings this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act, alleging violations of his constitutional rights during his incarceration at Sing Sing Correctional Facility and post-release supervision. (Am. Compl., ECF No. 56.) In his amended complaint, Plaintiff asserts 33 claims against 67 Defendants. (*Id.*) Defendants City of New York, Acting Warden Phipps, Correction Captain J. Salmon, and Correction Officer R. Ubinas filed an answer to the amended complaint. (City Defs.' Ans. to the Am. Compl., ECF 60.) Defendants New York State Department of Corrections and Community Supervision ("DOCCS") and Parole Officer Joanna Brown moved to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Notice of Mot. to Dismiss, ECF 62.) No other Defendant has appeared in this action or responded to any complaint.

Before this Court is Magistrate Judge Ona T. Wang's March 4, 2020 Report and Recommendation (the "Report"), recommending that Plaintiff's amended complaint be dismissed without prejudice, with leave to amend within 30 days, and that DOCCS and Brown's motion to dismiss be denied as moot, with leave to renew upon the filing of any second amended complaint. (Report, ECF No. 74, at 6.) Magistrate Judge Wang advised the parties that failure to file timely

objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 6–7.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

## I. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

## II. PLAINTIFF FAILS TO ALLEGE DEFENDANTS' PERSONAL INVOLVEMENT IN THE ALLEGED WRONGFUL CONDUCT

Federal Rule of Civil Procedure 8 requires that pleadings "provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation omitted). "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). Here, Magistrate Judge Wang correctly found that Plaintiff fails to allege any of Defendants' personal involvement in the alleged deprivation of his constitutional rights. (*See* Report at 3–5.) As Magistrate Judge Wang noted, it is unclear whether Plaintiff could sufficiently allege any such involvement, given Plaintiff's failure to respond to DOCCS and Brown's motion to dismiss, (*id.* at 5), despite being afforded multiple extensions to

2

file an opposition to the motion, (*id.* at 2). She therefore properly recommended that Plaintiff's amended complaint should be dismissed *sua sponte*, but that it should be dismissed without prejudice and with leave to amend. (*See id.* at 6.)

### III. CONCLUSION

Magistrate Judge Wang's Report is ADOPTED. Plaintiff's amended complaint is dismissed without prejudice, with leave to amend within 30 days of this Memorandum Decision and Order. DOCCS and Brown's motion to dismiss, (ECF No. 62), is DENIED as moot, with leave to renew upon the filing of any second amended complaint. The Clerk of Court is directed close the motion accordingly, and to mail a copy of this Memorandum Decision and Order to Plaintiff at O.B.C.C., 1600 Hazen Street, E. Elmhurst, New York, 11370.

Dated: New York, New York
March 24, 2020

SO ORDERED.

MAR 2 4 2020

GEORGE B. DANIELS
United States District Judge

3